Joel B. Robbins (011065)
Jesse M. Showalter (026628)
Lauren E. Channell (033484)
ROBBINS & CURTIN, P.L.L.C.
301 E. Bethany Home Road, Suite B-100
Phoenix, Arizona 85012-0001
Telephone: (602) 285-0100
Facsimile: (602) 265-0267
joel@robbinsandcurtin.com
jesse@robbinsandcurtin.com
lauren@robbinsandcurtin.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Carlos Balli, an individual, | No. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | (Tort – Civil Rights) |
| State of Arizona, a government entity; and Brad Martin, an individual, | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff Carlos Balli complains against Defendants State of Arizona and Brad Martin as follows:

## PARTIES

1.     Plaintiff Carlos Balli is a resident of Maricopa County, Arizona.

2.     Defendant State of Arizona is a body politic organized under the laws of the State of Arizona.

3.     Defendant Brad Martin is believed to be a resident of Maricopa County, Arizona.

4.     At all times alleged herein, Defendant Martin was employed by the State of Arizona by the Arizona Department of Public Safety ("DPS") and was acting within the

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

course and scope of his employment and under color of state law.  He is a "state actor" within the meaning of 42 U.S.C. § 1983.

5.      For Plaintiff's claims under Arizona state law, Defendant State of Arizona is responsible for the conduct of its officers and employees, including Defendant Martin, and is liable to Plaintiff for the damages resulting from his behavior under the theory of *respondeat superior*.

## JURISDICTION AND VENUE

6.      The amount in controversy exceeds the jurisdictional limitations of this Court.

7.      This Court has jurisdiction over Plaintiff's federal civil rights claim under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

8.      This Court has supplemental jurisdiction over claims arising under the laws of the State of Arizona under 28 U.S.C. § 1367(c).

9.      As to Plaintiff's claims under Arizona state law, Plaintiff served a timely notice of claim under A.R.S. § 12-821.01 upon Defendant State of Arizona on or about July 5, 2019.  The notice of claim complied in all ways with the statute, was timely served, and is deemed denied by operation of law.

10.     The events giving rise to this action occurred in Maricopa County, Arizona.  Thus, venue is proper in the District of Arizona under 28 U.S.C. § 1391(b).

## JURY DEMAND

11.     Plaintiff demands a jury trial.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12.     On January 17, 2019 in Glendale, Arizona, DPS's Gang Immigration Intelligence Team Enforcement Mission ("GIITEM") was searching for Plaintiff Carlos Balli, who was suspected of car theft and fleeing an officer.  There were no indications that Plaintiff was armed or was a danger.

13.     After being followed by the police, Plaintiff ran away.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:   (602) 265-0267

14.   In a DPS helicopter circling above the area, DPS officers saw the infrared signature of a person lying in some brush.

15.   The officers gave this person's location to other officers, including Defendant Martin and K9 Storm.

16.   When Defendant Martin, K9 Storm, and other officers located Plaintiff, he raised his hands.  The helicopter video shows Plaintiff lying on the ground with his hands up:



17.   Defendant Martin allowed Storm to maul Plaintiff's face and left arm.

18.   Plaintiff sustained a severe degloving facial laceration and substantial bleeding.

19.   At the hospital, a trauma team performed surgery.  The following photo shows a doctor holding Plaintiff's nose flesh, which is torn almost completely off of his face:



**ROBBINS & CURTIN, P.L.L.C.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:   (602) 265-0267

20. Defendant Martin had previously allowed K9 Storm to attack a non-dangerous suspect. On March 11, 2017, Defendant Martin allowed K9 Storm to attack Carlos Castro, after Castro was tased, fell off a roof, and restrained by several law enforcement officers.

21. After the March 2017 mauling, Defendant State of Arizona knew or should have known that K9 Storm was unsafe and needed to be retired and that Defendant Martin needed retraining on the use of canine force on unarmed and subdued suspects.

22. However, Defendant State of Arizona failed to retire K9 Storm and failed to provide Defendant Martin with the appropriate training or retraining before the subject incident.

23. As a result of the negligent, reckless, willful, and intentional actions and omissions of Defendant State of Arizona and Defendant Martin, Plaintiff sustained serious injuries, permanent scarring and disfigurement, and emotional distress, and he incurred medical expenses, other economic losses, and general damages.

24. Plaintiff has experienced emotional and psychological trauma and distress as a result of the incident and his severe facial injuries. The incident has left Plaintiff with permanent and life-altering facial scars and has substantially altered his appearance:


Plaintiff before the attack.


Plaintiff after the attack.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

## COUNT I

### Assault and Battery

### Against Defendant State of Arizona

25.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

26.     At all relevant times, Defendant Martin was acting in the course and scope of his employment for Defendant State of Arizona.

27.     Defendant Martin assaulted and battered Plaintiff when he released K9 Storm and allowed the dog to attack and maul Plaintiff.

28.     Defendant Martin intentionally caused harmful or offensive contact to Plaintiff.

29.     The assault and battery were not justified.

30.     As a result of the assault and battery, Plaintiff sustained serious injuries, permanent scarring and disfigurement, and emotional distress, and he incurred medical expenses, other economic losses, and general damages.

## COUNT II

### Negligence

### Against Defendant State of Arizona

31.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

32.     Defendant State of Arizona owes a duty of care to members of the public with whom its DPS officers come into contact and/or investigate, including Plaintiff.

33.     Defendant State of Arizona breached this duty by failing to adequately supervise its officers, including Defendant Martin and K9 Storm.

34.     Defendant State of Arizona breached this duty by failing to adequately train its DPS officers with respect to the seizure of suspects and the use of force, including canine force.

35.     Defendant State of Arizona breached this duty by failing to adopt adequate and reasonable policies and training with respect to the seizure of suspects and the risks of using force, including canine force.

36.     Defendant State of Arizona breached this duty by failing to retire K9 Storm and failing to retrain Defendant Martin after Martin released Storm and allowed the dog to maul a suspect who had been handcuffed and subdued in March 2017.

37.     As a result of Defendant State of Arizona's breaches, Plaintiff sustained serious injuries, permanent scarring and disfigurement, and emotional distress, and he incurred medical expenses, other economic losses, and general damages.

## COUNT III

### 42 U.S.C. § 1983 – Violation of Fourth Amendment

### Against Defendant Brad Martin

38.     Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

39.     Plaintiff has a Fourth Amendment right to be free from unreasonable seizures and excessive force.

40.     Defendant Martin violated Plaintiff's Fourth Amendment rights when he released K9 Storm and allowed the dog to attack and maul Plaintiff.

41.     Because Defendant Martin's actions were done knowingly, intentionally, and maliciously, Plaintiff is entitled to recover compensatory and punitive damages.

WHEREFORE, Plaintiff prays for judgment as follows:

A.     For special damages, including but not limited to current and future medical fees and expenses, lost wages and/or loss of earning capacity, and other economic losses;

B.     For general and compensatory damages, including but not limited to pain and suffering, permanent scarring and disfigurement, emotional distress, and loss of enjoyment of life;

C.     For punitive damages against Defendant Martin;

D.     For taxable costs and pre- and post-judgment interest to the extent permitted by law;

E.     For attorney's fees and costs under 42 U.S.C. § 1988 to the fullest extent permitted by law; and

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

F.    Such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED:  October 4, 2019.

ROBBINS & CURTIN, p.l.l.c.

By:    /s/ Joel B. Robbins
        Joel B. Robbins
        Jesse M. Showalter
        Lauren E. Channell
        301 E. Bethany Home Road, Suite B-100
        Phoenix, Arizona 85012
        *Attorneys for Plaintiff*

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ◆ Fax:  (602) 265-0267